**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DR. TRUST JUSTICE "TJ" TRUTH, ESQ., )
)
      Plaintiff, )
) Case No.: 2:23-cv-01010-GMN-NJK
  vs. )
) **ORDER**
ASHLEY GLOBAL RETAIL, LLC, )
)
      Defendant. )
)
)

Pending before the Court is the Motion to Dismiss, (ECF No. 6), filed by Defendant Ashley Global Retail, LLC.  Also pending before the Court is the Motion to Dismiss (ECF No. 10), filed by Plaintiff Dr. Trust Justice "TJ" Truth.  Defendant filed a Response, (ECF No. 11).

For the reasons discussed below, the Court construes Plaintiff's Motion to Dismiss as a notice of voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

**I.    BACKGROUND**

This case arises out of Defendant's failure to deliver Plaintiff's purchased sofa.  Plaintiff Dr. Truth Justice TJ Truth, proceeding pro se, filed a Complaint in Eighth Judicial District Court against Defendant Ashley Global Retail, LLC. (*See* Compl., ECF No. 1-2).  The Complaint alleges that Plaintiff purchased a sleeper sofa from Defendant that had not been delivered and placed in his living room. (*Id.* at 6).  Defendant attempted to deliver the sofa, but it was too large to fit through the door frame in Plaintiff's home. (*Id.* at 18).  When Defendant realized the sofa could not be delivered to Plaintiff's living room, it told Plaintiff to reschedule the delivery or cancel the sofa purchase and receive a refund. (*Id.* at 19).  Plaintiff alleged claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair

dealing; (3) tortious breach of the implied covenant of good faith and fair dealing; (4) declaratory judgment; and (5) abuse, neglect or exploitation of an older vulnerable person. (*Id.* at 25–26).

After removing to federal court, Defendant filed a motion to dismiss with prejudice for failure to state a claim. (Def.'s Mot. Dismiss, 6:13–7:20, ECF No. 6). Less than two weeks later, Plaintiff filed his own Motion to Dismiss, without prejudice, because his sofa had been delivered. (Pl.'s Mot. Dismiss, ECF No. 10). Defendant filed a Response to Plaintiff's Motion to Dismiss, arguing that the case should be dismissed *with* prejudice because Plaintiff's underlying claim was fully resolved. (Response, ECF No. 11).

## II.　LEGAL STANDARD

Rule 41(a)(1) of the Federal Rules of Civil Procedure allows a plaintiff to voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment. A notice or stipulation under Rule 41(a)(1) usually results in dismissal without prejudice. *McKenzie v. Davenport–Harris Funeral Home,* 834 F.2d 930, 934–35 (9th Cir. 1987). Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1). *Miller v. Reddin*, 422 F.2d 1264, 1265 (9th Cir. 1970). Rule 41(a)(l) grants a plaintiff "an absolute right to dismiss without prejudice . . . and requires no action on the part of the court." *United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1145 (9th Cir. 2008) (internal citation omitted). "The filing of the notice [of dismissal under Rule 41(a)(1)] itself closes the file." *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993) (internal citations and alterations omitted).

## III.　DISCUSSION

Under Rule 41(a) of the Federal Rules of Civil Procedure, a Plaintiff may dismiss an action by filing a notice of dismissal before the opposing party serves either an answer or a

motion for summary judgment.  Here, although Plaintiff's request to voluntarily dismiss was styled as a Motion to Dismiss, Plaintiff does not need a court order because Defendant has not served an answer or summary judgment motion.  Defendant has filed its own Motion to Dismiss, but that does not prevent Plaintiff from voluntarily dismissing his case. *See Miller v. Reddin*, 422 F.2d 1264, 1265 (9th Cir. 1970).

"Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).  In this case, Plaintiff's Motion to Dismiss explained that the purpose for his lawsuit—obtaining the delivery of his sofa—was fulfilled, so he no longer had a need to pursue the suit. (Pl.'s Mot. Dismiss at 6).  Therefore, the Court construes Plaintiff's motion as a notice of voluntary dismissal.

Plaintiff's request for dismissal is effective without a court order.  However, for purposes of clarity, the Court orders that, in light of Plaintiff's Notice of Voluntary Dismissal, (Pl.'s Mot. Dismiss, ECF No. 10), this case is deemed dismissed.

### IV.    CONCLUSION

**IT IS HEREBY ORDERED** that in light of Plaintiff's Notice of Voluntary Dismissal, (ECF No. 10), this case is deemed **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Based on the foregoing, the Clerk of Court is instructed to close this case.  Due to recent Undeliverable Mail Notifications, (ECF Nos. 8, 12), the Clerk of Court is further instructed to email this order to Plaintiff at tjtruthesq@gmail.com.

**DATED** this __24__ day of October, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT